**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ORTHOPHOENIX, LLC,** | |
| **Plaintiff,** | **Civil Action No. 13-1006-LPS** |
| **vs.** | |
| **SOTEIRA, INC.,**<br>**GLOBUS MEDICAL, INC.,**<br>**JOHN AND/OR JANE DOES 1-200,** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

**DEFENDANT SOTEIRA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Soteira, Inc. (hereinafter "Soteira" or "Defendant"), by and through its counsel, answers the First Amended Complaint ("Complaint") of Plaintiff Orthophoenix, LLC ("Orthophoenix" or "Plaintiff") as follows:

## PARTIES

1. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Soteira admits the allegations contained in Paragraph 2 of the Complaint.

3. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint

4. Soteira denies that it is manufacturing infringing products. Soteira lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations in this Paragraph are legal conclusions to which no response is required.

6. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira admits that it is a corporation organized and existing under the laws of the State of Delaware and it denies each and every remaining allegation in this Paragraph.

7. The allegations in this Paragraph are legal conclusions to which no response is required.

8. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira admits that Globus Medical, Inc. acquired substantially all of Soteira's assets. Soteira states further that it lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 8 of the Complaint.

## BACKGROUND

9. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

## ASSERTED PATENTS

15. Soteira admits that a copy of U.S. Patent No. 6,440,138 (the "'138 patent") is attached to the Complaint as Exhibit A, that the patent states it issued on August 27, 2002, and that it is entitled "Structures and Methods For Creating Cavities In Interior Body Regions." Soteira denies the remaining allegations of Paragraph 15.

16. Soteira admits that a copy of U.S. Patent No. 6,863,672 (the "'672 patent") is attached to the Complaint as Exhibit B, that the patent states it issued on March 8, 2005, and that it is entitled "Structures And Methods For Creating Cavities In Interior Body Regions." Soteira denies the remaining allegations of Paragraph 16.

17. Soteira admits that a copy of U.S. Patent No. 7,909,827 (the "'9827 patent") is attached to the Complaint as Exhibit C, that the patent states it issued on March 22, 2011, and that it is entitled "Systems And Methods For Creating Cavities In Interior Body Regions." Soteira denies the remaining allegations of Paragraph 17.

18. Soteira admits that a copy of U.S. Patent No. 7,967,827 (the "'7827 patent") is attached to the Complaint as Exhibit D, that the patent states it issued on June 28, 2011, and that it is entitled "Methods And Devices For Treating Fractured And/Or Diseased Bone Using Expandable Structure That Remains Within The Bone." Soteira denies the remaining allegations of Paragraph 18.

19. Soteira admits that a copy of U.S. Patent No. 6,981,981 (the "'981 patent") is attached to the Complaint as Exhibit E, that the patent states it issued on January 3, 2006, and that it is entitled "Inflatable Device For Use In Surgical Protocol Relating To Fixation Of Bone." Soteira denies the remaining allegations of Paragraph 19.

20. Soteira admits that a copy of U.S. Patent No. 7,044,954 (the "'954 patent") is attached to the Complaint as Exhibit F, that the patent states it issued on May 16, 2006, and that it is entitled "Method For Treating A Vertebral Body." Soteira denies the remaining allegations of Paragraph 20.

**COUNT I**
**(Infringement of U.S. Patent No. 6,440,138)**

21. Soteira incorporates by reference the responses to Paragraphs 1 through 20 above.

22. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 22.

23. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 23.

24. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 24.

25. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 25.

26. Soteira admits that the '138 patent is cited as one of hundreds of U.S. Patent Documents listed in U.S. Patent No. 7,909,873 and U.S. Patent No. 7,959,634 and that the Kyphon Kyphx Inflatable Bone Tamp was listed as a "predicate device" to the Shield Kyphoplasty System. The remaining allegations in this Paragraph are legal conclusions to

which no response is required. To the extent a response is required, Soteira denies these allegations of Paragraph 26.

27. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 28.

29. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 29.

30. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 31.

32. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 32.

33. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 33.

## COUNT II
## (Infringement of U.S. Patent No. 6,863,672)

34. Soteira incorporates by reference the responses to Paragraphs 1 through 33 above.

35. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 35.

36. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 36.

37. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 37.

38. Soteira admits that the '672 patent is cited as one of hundreds of U.S. Patent Documents listed in U.S. Patent No. 7,909,873 and U.S. Patent No. 7,959,634 and that the Kyphon Kyphx Inflatable Bone Tamp was listed as a "predicate device" to the Shield Kyphoplasty System. The remaining allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies these allegations of Paragraph 38.

39. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 40.

41. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 41.

42. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 42.

43. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 43.

44. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 44.

45. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 46.

47. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 47.

48. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 48.

## COUNT III
## (Infringement of U.S. Patent No. 7,909,827)

49. Soteira incorporates by reference the responses to Paragraphs 1 through 48 above.

50. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 50.

51. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 51.

52. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 52.

53. Soteira admits that the Kyphon Kyphx Inflatable Bone Tamp was listed as a "predicate device" to the Shield Kyphoplasty System. The remaining allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies these allegations of Paragraph 53.

54. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 55.

56. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 56.

57. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 57.

58. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 58.

59. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 59.

60. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 61.

62. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 62.

63. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 63.

## COUNT IV
## (Infringement of U.S. Patent No. 7,967,827)

64. Soteira incorporates by reference the responses to Paragraphs 1 through 63 above.

65. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 65.

66. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 66.

67. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 67.

68. Soteira admits that the Kyphon Kyphx Inflatable Bone Tamp was listed as a "predicate device" to the Shield Kyphoplasty System. The remaining allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies these allegations of Paragraph 68.

69. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 70.

71. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 71.

72. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 72.

73. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 73.

74. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 74.

75. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 76.

77. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 77.

78. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 78.

**COUNT V**
**(Infringement of U.S. Patent No. 6,981,981)**

79. Soteira incorporates by reference the responses to Paragraphs 1 through 78 above.

80. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 89.

90. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 90.

91. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 91.

**COUNT VI**
**(Infringement of U.S. Patent No. 7,044,954)**

92. Soteira incorporates by reference the responses to Paragraphs 1 through 91 above.

93. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101. Soteira lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 102.

103. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 103.

104. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Soteira denies the allegations of Paragraph 102.

## SOTEIRA'S AFFIRMATIVE DEFENSES

Soteira asserts the following affirmative defenses to the claims in the Complaint and reserves the right to amend its Answer and Affirmative Defenses, and bring Counterclaims, as additional information becomes available, through discovery or otherwise:

105. The Complaint fails to state a claim against Soteira upon which relief may be granted.

106. Plaintiff has failed to plead its claims, in whole or in part, with the specificity required by the Federal Rules of Civil Procedure.

107. Soteira has not infringed and does not infringe, either directly or indirectly, any valid and/or enforceable claim of any of the '138, '672, '9827, '981, '954 and/or '7827 patents.

108. The claims of the ‘138, ‘672, ‘9827, ‘981, ‘954 and ‘7827 patents are invalid for failure to meet one or more of the statutory requirements of patentability set forth in 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 102, 103, and 112.

**PRAYER FOR RELIEF**

Wherefore, Soteira denies that Plaintiff is entitled to any of the relief requested in the Complaint and requests that this Court:

1. Dismiss the Complaint with prejudice;
2. Deny all relief requested in the Complaint;
3. Award Soteira its attorneys’ fees and costs incurred in defending this action; and
4. Grant any such further relief that the Court may deem appropriate.

**JURY TRIAL DEMANDED**

Soteira hereby demands a trial by jury of all issues so triable.

Date: November 27, 2013

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
Daniel Murray (DE Bar 5785)
O’KELLY ERNST & BIELLI, LLC
901 N. Market Street, Ste. 1000
Wilmington, DE 19801
(302) 478-4230
(302) 778-40000
gp@Del-IPLaw.com
dmurray@oeblegal.com

*Attorneys for Defendant Soteira, Inc.*