**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ORTHOPHOENIX, LLC,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SOTEIRA, INC.,**<br>**GLOBUS MEDICAL, INC.,**<br>**JOHN AND/OR JANE DOES 1-200,**<br><br>**Defendants** | **Civil Action No. 13-1006-LPS**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Globus Medical, Inc. ("Globus"), for its Answer to Plaintiff, Orthopooenix, LLC's ("Orthophoenix") First Amended Complaint for Patent Infringement, states as follows:

## PARTIES

1. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Amended Complaint, and therefore denies same.

2. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Amended Complaint, and therefore denies same.

3. Admitted.

4. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Amended Complaint, and therefore denies same.

## JURISDICTION AND VENUE

5. Globus admits that this Court has subject matter jurisdiction over this action and that it is a civil action arising under Title 35 of the United States Code, but denies the remaining allegations set forth in paragraph 5 of the Amended Complaint.

6. Globus admits that this Court has personal jurisdiction over Globus in that it is a corporation organized and existing under the laws of the State of Delaware, but denies the remaining allegations set forth in paragraph 6 of the Amended Complaint.

7. Globus admits that venue is proper in this District.

8. Globus denies the allegations contained in paragraph 8 of the Amended Complaint.

## BACKGROUND

9. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Amended Complaint, and therefore denies same.

10. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Amended Complaint, and therefore denies same.

11. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Amended Complaint, and therefore denies same.

12. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Amended Complaint, and therefore denies same.

13. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Amended Complaint, and therefore denies same.

14. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Amended Complaint, and therefore denies same.

**ASSERTED PATENTS**

15. Globus admits that the issue date shown on the face of U.S. Patent No. 6,440,138 ("the '138 patent") is August 27, 2002, that the '138 Patent is entitled "Structures and Methods For Creating Cavities In Interior Body Regions," and that the patent speaks for itself once admitted. Globus denies the remainder of Paragraph 15 of the Amended Complaint.

16. Globus admits that the issue date shown on the face of U.S. Patent No. 6,863,672 ("the '672 patent") is March 8, 2005, that the '672 Patent is entitled "Structures And Methods For Creating Cavities In Interior Body Regions," and that the patent speaks for itself once admitted. Globus denies the remainder of Paragraph 16 of the Amended Complaint.

17. Globus admits that the issue date shown on the face of U.S. Patent No. 7,967,827 ("the '9827 patent") is March 22, 2011, that the '9827 Patent is entitled "Systems And Methods For Creating Cavities In Interior Body Regions," and that the patent speaks for itself once admitted. Globus denies the remainder of Paragraph 17 of the Amended Complaint.

18. Globus admits that the issue date shown on the face of U.S. Patent No. 7,967,827 ("the '7827 patent") is June 28, 2011, that the '7827 Patent is entitled Methods and Devices For Treating Fractured And/Or Diseased Bone Using Expandable Structure That Remains Within The Bone," and that the patent speaks for itself once admitted. Globus denies the remainder of Paragraph 18 of the Amended Complaint.

19. Globus admits that the issue date shown on the face of U.S. Patent No. 6,981,981 ("the '981 patent") is January 3, 2006, that the '981 Patent is entitled "Inflatable Device For Use In Surgical Protocol Relating To Fixation Of Bone," and that the patent speaks for itself once admitted. Globus denies the remainder of Paragraph 19 of the Amended Complaint.

20. Globus admits that the issue date shown on the face of U.S. Patent No. 7,044,954 ("the '954 patent") is May 6, 2006, that the '954 Patent is entitled Method For Treating A Vertebral Body," and that the patent speaks for itself once admitted. Globus denies the remainder of Paragraph 20 of the Amended Complaint.

**COUNT I**
**(Infringement of U.S. Patent No. 6,440,138)**

21. Globus hereby incorporates the averments of paragraphs 1-20 as if fully set forth herein.

22. Globus denies the allegations set forth in paragraph 22 of Plaintiff's Amended Complaint.

23. Globus denies the allegations set forth in paragraph 23 of Plaintiff's Amended Complaint.

24. Globus denies the allegations set forth in paragraph 24 of Plaintiff's Amended Complaint.

25. Globus denies the allegations set forth in paragraph 25 of Plaintiff's Amended Complaint.

26. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26, and therefore denies same.

27. Globus denies the allegations set forth in paragraph 27 of Plaintiff's Amended Complaint.

28. Globus denies the allegations set forth in paragraph 28 of Plaintiff's Amended Complaint.

29. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29, and therefore denies same.

30. Globus denies the allegations set forth in paragraph 30 of Plaintiff's Amended Complaint.

31. Globus denies the allegations set forth in paragraph 31 of Plaintiff's Amended Complaint.

32. Globus denies the allegations set forth in paragraph 32 of Plaintiff's Amended Complaint.

33. Globus denies the allegations set forth in paragraph 33 of Plaintiff's Amended Complaint.

**COUNT II**
**(Infringement of U.S. Patent No. 6,863,672)**

34. Globus hereby incorporates the averments of paragraphs 1-33 as if fully set forth herein.

35. Globus denies the allegations set forth in paragraph 35 of Plaintiff's Amended Complaint.

36. Globus denies the allegations set forth in paragraph 36 of Plaintiff's Amended Complaint.

37. Globus denies the allegations set forth in paragraph 37 of Plaintiff's Amended Complaint.

38. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 38, and therefore denies same.

39. Globus denies the allegations set forth in paragraph 39 of Plaintiff's Amended Complaint.

40. Globus denies the allegations set forth in paragraph 40 of Plaintiff's Amended Complaint.

41. Globus denies the allegations set forth in paragraph 41 of Plaintiff's Amended Complaint.

42. Globus denies the allegations set forth in paragraph 42 of Plaintiff's Amended Complaint.

43. Globus denies the allegations set forth in paragraph 43 of Plaintiff's Amended Complaint.

44. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 44, and therefore denies same.

45. Globus denies the allegations set forth in paragraph 45 of Plaintiff's Amended Complaint.

46. Globus denies the allegations set forth in paragraph 46 of Plaintiff's Amended Complaint.

47. Globus denies the allegations set forth in paragraph 47 of Plaintiff's Amended Complaint.

48. Globus denies the allegations set forth in paragraph 48 of Plaintiff's Amended Complaint.

## COUNT III
## (Infringement of U.S. Patent No. 7,909,827)

49. Globus hereby incorporates the averments of paragraphs 1-48 as if fully set forth herein.

50. Globus denies the allegations set forth in paragraph 50 of Plaintiff's Amended Complaint.

51. Globus denies the allegations set forth in paragraph 51 of Plaintiff's Amended Complaint.

52. Globus denies the allegations set forth in paragraph 52 of Plaintiff's Amended Complaint.

53. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53, and therefore denies same.

54. Globus denies the allegations set forth in paragraph 54 of Plaintiff's Amended Complaint.

55. Globus denies the allegations set forth in paragraph 55 of Plaintiff's Amended Complaint.

56. Globus denies the allegations set forth in paragraph 56 of Plaintiff's Amended Complaint.

57. Globus denies the allegations set forth in paragraph 57 of Plaintiff's Amended Complaint.

58. Globus denies the allegations set forth in paragraph 58 of Plaintiff's Amended Complaint.

59. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 59, and therefore denies same.

60. Globus denies the allegations set forth in paragraph 60 of Plaintiff's Amended Complaint.

61. Globus denies the allegations set forth in paragraph 61 of Plaintiff's Amended Complaint.

62. Globus denies the allegations set forth in paragraph 62 of Plaintiff's Amended Complaint.

63. Globus denies the allegations set forth in paragraph 63 of Plaintiff's Amended Complaint.

**COUNT IV**
**(Infringement of U.S. Patent No. 7,967,827)**

64. Globus hereby incorporates the averments of paragraphs 1-63 as if fully set forth herein.

65. Globus denies the allegations set forth in paragraph 65 of Plaintiff's Amended Complaint.

66. Globus denies the allegations set forth in paragraph 66 of Plaintiff's Amended Complaint.

67. Globus denies the allegations set forth in paragraph 67 of Plaintiff's Amended Complaint.

68. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 68, and therefore denies same.

69. Globus denies the allegations set forth in paragraph 69 of Plaintiff's Amended Complaint.

70. Globus denies the allegations set forth in paragraph 70 of Plaintiff's Amended Complaint.

71. Globus denies the allegations set forth in paragraph 71 of Plaintiff's Amended Complaint.

72. Globus denies the allegations set forth in paragraph 72 of Plaintiff's Amended Complaint.

73. Globus denies the allegations set forth in paragraph 73 of Plaintiff's Amended Complaint.

74. Globus is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 74, and therefore denies same.

75. Globus denies the allegations set forth in paragraph 75 of Plaintiff's Amended Complaint.

76. Globus denies the allegations set forth in paragraph 76 of Plaintiff's Amended Complaint.

77. Globus denies the allegations set forth in paragraph 77 of Plaintiff's Amended Complaint.

78. Globus denies the allegations set forth in paragraph 78 of Plaintiff's Amended Complaint.

## COUNT V
## (Infringement of U.S. Patent No. 6,981,981)

79. Globus hereby incorporates the averments of paragraphs 1-78 as if fully set forth herein.

80. Globus denies the allegations set forth in paragraph 80 of Plaintiff's Amended Complaint.

81. Globus denies the allegations set forth in paragraph 81 of Plaintiff's Amended Complaint.

82. Globus denies the allegations set forth in paragraph 82 of Plaintiff's Amended Complaint.

83. Globus denies the allegations set forth in paragraph 83 of Plaintiff's Amended Complaint.

84. Globus denies the allegations set forth in paragraph 84 of Plaintiff's Amended Complaint.

85. Globus denies the allegations set forth in paragraph 85 of Plaintiff's Amended Complaint.

86. Globus denies the allegations set forth in paragraph 86 of Plaintiff's Amended Complaint.

87. Globus denies the allegations set forth in paragraph 87 of Plaintiff's Amended Complaint.

88. Globus denies the allegations set forth in paragraph 88 of Plaintiff's Amended Complaint.

89. Globus denies the allegations set forth in paragraph 89 of Plaintiff's Amended Complaint.

90. Globus denies the allegations set forth in paragraph 90 of Plaintiff's Amended Complaint.

91. Globus denies the allegations set forth in paragraph 91 of Plaintiff's Amended Complaint.

**COUNT VI**

**(Infringement of U.S. Patent No. 7,044,954)**

92. Globus hereby incorporates the averments of paragraphs 1-91 as if fully set forth herein.

93. Globus denies the allegations set forth in paragraph 93 of Plaintiff's Amended Complaint.

94. Globus denies the allegations set forth in paragraph 94 of Plaintiff's Amended Complaint.

95. Globus denies the allegations set forth in paragraph 95 of Plaintiff's Amended Complaint.

96. Globus denies the allegations set forth in paragraph 96 of Plaintiff's Amended Complaint.

97. Globus denies the allegations set forth in paragraph 97 of Plaintiff's Amended Complaint.

98. Globus denies the allegations set forth in paragraph 98 of Plaintiff's Amended Complaint.

99. Globus denies the allegations set forth in paragraph 99 of Plaintiff's Amended Complaint.

100. Globus denies the allegations set forth in paragraph 100 of Plaintiff's Amended Complaint.

101. Globus denies the allegations set forth in paragraph 101 of Plaintiff's Amended Complaint.

102. Globus denies the allegations set forth in paragraph 102 of Plaintiff's Amended Complaint.

103. Globus denies the allegations set forth in paragraph 103 of Plaintiff's Amended Complaint.

104. Globus denies the allegations set forth in paragraph 104 of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

Globus states that the Amended Complaint sets forth Orthophoenix' Prayer for Relief to which no answer is required. To the extent a response is required, Globus denies the allegations set forth in Orthophoenix' Prayer for Relief and denies that Orthophoenix is entitled to any relief whatsoever as to Globus.

## AFFIRMATIVE DEFENSES

Globus alleges the following affirmative defenses to the claims set forth in the Amended Complaint:

1. Globus' manufacturing, sale and offering for sale of any product, system and/or method does not and has not infringed, directly or indirectly, contributorily or by inducement, any valid claim of the '138 Patent, '672 Patent, '9827 Patent, '7827 Patent, '981 Patent and/or the '954 Patent, either literally or under the doctrine of equivalents.

2. The claims of the '138 Patent, '672 Patent, '9827 Patent, '7827 Patent, '981 Patent and/or the '954 Patent are invalid for failure to meet the statutory and/or decisional requirements for patentability, including, but not limited to, 35 U.S.C. § 102, 103 and/or 112.

3. Orthophoenix is estopped from asserting that Globus infringes any valid claim of the '138 Patent, '672 Patent, '9827 Patent, '7827 Patent, '981 Patent and/or the '954 Patent for reasons including, but not limited to, prosecution history estoppel and positions taken and arguments made to the United States Patent and Trademark Office ("PTO").

4. Any purported claim for equitable relief set forth in Orthophoenix' Amended Complaint is barred by unclean hands, waiver, acquiescence, and/or equitable estoppel.

5. New matter was introduced into the disclosure and claims for the application leading to the '138 Patent, '672 Patent, '9827 Patent, '7827 Patent, '981 Patent and/or the '954 Patent.

6. On information and belief, some or all of Orthophoenix' claims for damages are limited under 35 U.S.C. §§ 286-288.

7. Joinder of Sotiera, Inc. and Globus Medical, Inc. is improper under 35 U.S.C. § 299.

8. Orthophoenix is not entitled to injunctive relief at least because any alleged injury to Orthophoenix is not immediate or irreparable, and thus Orthophoenix would have an adequate remedy at law.

9. Orthophoenix is estopped from asserting the construction of any claim of the '138 Patent, '672 Patent, '9827 Patent, '7827 Patent, '981 Patent and/or the '954 Patent in any manner consistent with prior art positions taken before the United States Patent and Trademark Office or any court of law.

10. Globus reserves the right to add to, amend or withdraw its affirmative defenses as further investigation or discovery so dictates.

## COUNTERCLAIMS OF GLOBUS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Defendant/Counterclaim Plaintiff Globus Medical, Inc. ("Globus") hereby counterclaims against Plaintiff/Counterclaim Defendant Orthophoenix, LLC ("Orthophoenix") as follows:

## The Parties

1. Globus is a corporation organized under the laws of the State of Delaware having a place of business at 2560 General Armistead Avenue, Audubon, Pennsylvania 19403.

2. Upon information and belief, Orthophoenix is a corporation organized and existing under the laws of Delaware, having its principal place of business at 2515 McKinney Avenue, Suite 1000-B, Dallas, Texas 75201.

## Nature of the Action

3. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Globus seeks a declaratory judgment that the claims of the ‘‘138 Patent, ‘672 Patent, ‘9827 Patent, ‘7827 Patent, ‘981 Patent and/or the ‘954 Patent are not infringed by Globus. An actual controversy over the infringement of the ‘138 Patent, ‘672 Patent, ‘9827 Patent, ‘7827 Patent, ‘981 Patent and/or the ‘954 Patent exists between Globus and Orthophoenix, as evidenced by the allegations of Orthophoenix’ Amended Complaint and Globus’ answer thereto.

## Jurisdiction and Venue

4. Globus’ counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Orthophoenix because Orthophoenix has purposely availed itself of the benefits and protections of this jurisdiction by filing the original and Amended Complaint in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). These counterclaims are made subject to Orthophoenix' original action, which has proper venue in this judicial district.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '138 Patent)**

7. Globus realleges and incorporates paragraphs 1 through 6 of these counterclaims as if fully set forth herein.

8. An actual and justicable controversy exists between Globus and Orthophoenix as to whether the claims of the '138 Patent are infringed by Globus.

9. Globus has not infringed, nor is it infringing, any claim of the '138 Patent, either by direct or contributory infringement. Globus has not induced and does not induce the infringement of any claim of the '138 Patent.

10. Accordingly, Globus seeks a judgment declaring that it has not infringed the claims of the '138 Patent.

**COUNT II**
**(Declaratory Judgment of Non-Infringement of the '672 Patent)**

11. Globus realleges and incorporates paragraphs 1 through 10 of these counterclaims as if fully set forth herein.

12. An actual and justicable controversy exists between Globus and Orthophoenix as to whether the claims of the '672 Patent are infringed by Globus.

13. Globus has not infringed, nor is it infringing, any claim of the '672 Patent, either by direct or contributory infringement. Globus has not induced and does not induce the infringement of any claim of the '672 Patent.

14. Accordingly, Globus seeks a judgment declaring that it has not infringed the claims of the ‘672 Patent.

**COUNT III**
**(Declaratory Judgment of Non-Infringement of the ‘9827 Patent)**

15. Globus realleges and incorporates paragraphs 1 through 14 of these counterclaims as if fully set forth herein.

16. An actual and justicable controversy exists between Globus and Orthophoenix as to whether the claims of the ‘9827 Patent are infringed by Globus.

17. Globus has not infringed, nor is it infringing, any claim of the ‘9827 Patent, either by direct or contributory infringement. Globus has not induced and does not induce the infringement of any claim of the ‘9827 Patent.

18. Accordingly, Globus seeks a judgment declaring that it has not infringed the claims of the ‘9827 Patent.

**COUNT IV**
**(Declaratory Judgment of Non-Infringement of the ‘7827 Patent)**

19. Globus realleges and incorporates paragraphs 1 through 18 of these counterclaims as if fully set forth herein.

20. An actual and justicable controversy exists between Globus and Orthophoenix as to whether the claims of the ‘7827 Patent are infringed by Globus.

21. Globus has not infringed, nor is it infringing, any claim of the ‘7827 Patent, either by direct or contributory infringement. Globus has not induced and does not induce the infringement of any claim of the ‘7827 Patent.

22. Accordingly, Globus seeks a judgment declaring that it has not infringed the claims of the ‘7827 Patent.

**COUNT V**
**(Declaratory Judgment of Non-Infringement of the '981 Patent)**

23. Globus realleges and incorporates paragraphs 1 through 22 of these counterclaims as if fully set forth herein.

24. An actual and justicable controversy exists between Globus and Orthophoenix as to whether the claims of the '981 Patent are infringed by Globus.

25. Globus has not infringed, nor is it infringing, any claim of the '981 Patent, either by direct or contributory infringement. Globus has not induced and does not induce the infringement of any claim of the '981 Patent.

26. Accordingly, Globus seeks a judgment declaring that it has not infringed the claims of the '981 Patent.

**COUNT VI**
**(Declaratory Judgment of Non-Infringement of the '954 Patent)**

27. Globus realleges and incorporates paragraphs 1 through 26 of these counterclaims as if fully set forth herein.

28. An actual and justicable controversy exists between Globus and Orthophoenix as to whether the claims of the '954 Patent are infringed by Globus.

29. Globus has not infringed, nor is it infringing, any claim of the '954 Patent, either by direct or contributory infringement. Globus has not induced and does not induce the infringement of any claim of the '954 Patent.

30. Accordingly, Globus seeks a judgment declaring that it has not infringed the claims of the '954 Patent.

**COUNT VII**
**(Declaratory Judgment of Invalidity of the '138 Patent)**

31. Globus realleges and incorporates paragraphs 1 through 30 of these counterclaims as if fully set forth herein.

32. Orthophoenix asserts in this action that Globus is infringing the '138 Patent.

33. On information and belief, the '138 Patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

A. One or more claims of the '138 Patent is anticipated under 35 U.S.C. § 102(a), specifically the "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent;

B. One or more claims of the '138 Patent is anticipated under 35 U.S.C. § 102(b), specifically the "invention" was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

C. One or more claims of the '138 Patent is obvious under 35 U.S.C. § 103, specifically the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains;

D. One or more claims of the '138 Patent under 35 U.S.C. § 112 is invalid for failing to enable a person skilled in the art to make and use the claimed "invention"; and

E. One or more claims of the '138 Patent under 35 U.S.C. § 112 is invalid for failure to satisfy the written description requirement.

34. Accordingly, Globus seeks a judgment declaring that the '138 Patent is invalid.

**COUNT VIII**
**(Declaratory Judgment of Invalidity of the '672 Patent)**

35. Globus realleges and incorporates paragraphs 1 through 34 of these counterclaims as if fully set forth herein.

36. Orthophoenix asserts in this action that Globus is infringing the ‘672 Patent.

37. On information and belief, the ‘672 Patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

A. One or more claims of the ‘672 Patent is anticipated under 35 U.S.C. § 102(a), specifically the “invention” was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the “invention” thereof by the applicant for patent;

B. One or more claims of the ‘672 Patent is anticipated under 35 U.S.C. § 102(b), specifically the “invention” was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

C. One or more claims of the ‘672 Patent is obvious under 35 U.S.C. § 103, specifically the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the “invention” was made to a person having ordinary skill in the art to which said subject matter pertains;

D. One or more claims of the ‘672 Patent under 35 U.S.C. § 112 is invalid for failing to enable a person skilled in the art to make and use the claimed “invention”; and

E. One or more claims of the ‘672 Patent under 35 U.S.C. § 112 is invalid for failure to satisfy the written description requirement.

38. Accordingly, Globus seeks a judgment declaring that the ‘672 Patent is invalid.

**COUNT IX**
**(Declaratory Judgment of Invalidity of the ‘9827 Patent)**

39. Globus realleges and incorporates paragraphs 1 through 38 of these counterclaims as if fully set forth herein.

40. Orthophoenix asserts in this action that Globus is infringing the ‘9827 Patent.

41. On information and belief, the ‘9827 Patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

A. One or more claims of the ‘9827 Patent is anticipated under 35 U.S.C. § 102(a), specifically the “invention” was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the “invention” thereof by the applicant for patent;

B. One or more claims of the ‘9827 Patent is anticipated under 35 U.S.C. § 102(b), specifically the “invention” was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

C. One or more claims of the ‘9827 Patent is obvious under 35 U.S.C. § 103, specifically the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the “invention” was made to a person having ordinary skill in the art to which said subject matter pertains;

D. One or more claims of the ‘9827 Patent under 35 U.S.C. § 112 is invalid for failing to enable a person skilled in the art to make and use the claimed “invention”; and

E. One or more claims of the ‘9827 Patent under 35 U.S.C. § 112 is invalid for failure to satisfy the written description requirement.

42. Accordingly, Globus seeks a judgment declaring that the ‘9827 Patent is invalid.

**COUNT X**
**(Declaratory Judgment of Invalidity of the ‘7827 Patent)**

43. Globus realleges and incorporates paragraphs 1 through 42 of these counterclaims as if fully set forth herein.

44. Orthophoenix asserts in this action that Globus is infringing the ‘7827 Patent.

45. On information and belief, the ‘7827 Patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

A. One or more claims of the ‘7827 Patent is anticipated under 35 U.S.C. § 102(a), specifically the “invention” was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the “invention” thereof by the applicant for patent;

B. One or more claims of the ‘7827 Patent is anticipated under 35 U.S.C. § 102(b), specifically the “invention” was patented or described in a printed

publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

C. One or more claims of the '7827 Patent is obvious under 35 U.S.C. § 103, specifically the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains;

D. One or more claims of the '7827 Patent under 35 U.S.C. § 112 is invalid for failing to enable a person skilled in the art to make and use the claimed "invention"; and

E. One or more claims of the '7827 Patent under 35 U.S.C. § 112 is invalid for failure to satisfy the written description requirement.

46. Accordingly, Globus seeks a judgment declaring that the '7827 Patent is invalid.

**COUNT XI**
**(Declaratory Judgment of Invalidity of the '981 Patent)**

47. Globus realleges and incorporates paragraphs 1 through 46 of these counterclaims as if fully set forth herein.

48. Orthophoenix asserts in this action that Globus is infringing the '981 Patent.

49. On information and belief, the '981 Patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

A. One or more claims of the '981 Patent is anticipated under 35 U.S.C. § 102(a), specifically the "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent;

B. One or more claims of the '981 Patent is anticipated under 35 U.S.C. § 102(b), specifically the "invention" was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

C. One or more claims of the '981 Patent is obvious under 35 U.S.C. § 103, specifically the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been

obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains;

D. One or more claims of the '981 Patent under 35 U.S.C. § 112 is invalid for failing to enable a person skilled in the art to make and use the claimed "invention"; and

E. One or more claims of the '981 Patent under 35 U.S.C. § 112 is invalid for failure to satisfy the written description requirement.

50. Accordingly, Globus seeks a judgment declaring that the '981 Patent is invalid.

**COUNT XII**
**(Declaratory Judgment of Invalidity of the '954 Patent)**

51. Globus realleges and incorporates paragraphs 1 through 50 of these counterclaims as if fully set forth herein.

52. Orthophoenix asserts in this action that Globus is infringing the '954 Patent.

53. On information and belief, the '954 Patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

A. One or more claims of the '954 Patent is anticipated under 35 U.S.C. § 102(a), specifically the "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent;

B. One or more claims of the '954 Patent is anticipated under 35 U.S.C. § 102(b), specifically the "invention" was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

C. One or more claims of the '954 Patent is obvious under 35 U.S.C. § 103, specifically the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains;

D. One or more claims of the '954 Patent under 35 U.S.C. § 112 is invalid for failing to enable a person skilled in the art to make and use the claimed "invention"; and

E. One or more claims of the ‘954 Patent under 35 U.S.C. § 112 is invalid for failure to satisfy the written description requirement.

54. Accordingly, Globus seeks a judgment declaring that the ‘954 Patent is invalid.

**PRAYER FOR RELIEF**

Globus respectfully requests that this Court grant the following relief:

A. Dismiss the Amended Complaint against Globus with prejudice;

B. Declare that Orthophoenix recover nothing from Globus;

D. Declare that Globus has not infringed, either directly or indirectly, and is not infringing, either directly or indirectly, any valid and enforceable claim in the ‘138 Patent, the 672 Patent, the ‘9827 Patent, the ‘7827 Patent, the ‘981 Patent and the ‘954 Patent;

D. Declare that the ‘138 Patent, the 672 Patent, the ‘9827 Patent, the ‘7827 Patent, the ‘981 Patent and the ‘954 Patent are invalid and unenforceable;

E. Enjoin Orthophoenix, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the ‘138 Patent, the 672 Patent, the ‘9827 Patent, the ‘7827 Patent, the ‘981 Patent and the ‘954 Patent against Globus or anyone in privity with Globus;

F. Declare that this is an exceptional case under 35 U.S.C. § 285 due to Orthophoenix’ conduct;

G. Award Globus its costs, disbursements and reasonable attorney fees (including expert fees) incurred in this action; and

H. Award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Globus hereby demands a trial by jury of all issues so triable in this action.

Date: November 27, 2013

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
Daniel Murray (DE Bar 5785)
O'KELLY ERNST & BIELLI, LLC
901 N. Market Street, Ste. 1000
Wilmington, DE 19801
(302) 478-4230
(302) 778-40000
gp@Del-IPLaw.com
dmurray@oeblegal.com

George D. Moustakas (P43631)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
FAX: (248) 641-0270
gdmoustakas@hdp.com

*Attorneys for Defendant, Globus Medical, Inc.*